**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorney for Defendants COUNTY OF LAKE and STEVE WRIGHT

*Exempt from Filing Fees Pursuant to Government Code § 6103*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD FRANK FIDGE, | **CASE NO.: 3:17-cv-05307-VC** |
| Plaintiff, | |
| v. | **DEFENDANTS COUNTY OF LAKE AND STEVE WRIGHT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| | **Date:** December 7, 2017 |
| | **Time:** 10:00 A.M. |
| LAKE COUNTY AKA COUNTY OF LAKE, STEVE WRIGHT, in his private capacity, MUGSHOTS.COM, LLC, DOES 1-20, | **Courtroom:** 2, 17th Floor |
| Defendants. | Complaint filed: September 13, 2017 |

Defendants COUNTY OF LAKE and STEVE WRIGHT[1] hereby move to dismiss the complaint of Plaintiff RONALD FRANK FIDGE pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), and submit the following memorandum of points and authorities in support thereof.

---

[1] Defendants note service of summons was not proper, but do not raise this issue in this motion.

1

**DEFENDANTS COUNTY OF LAKE AND STEVE WRIGHT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

{01734928.DOCX}

# I.

## **INTRODUCTION/BACKGROUND**

On October 3, 2013, Plaintiff was arrested for trespassing at the private Hardesters Shopping Center after Plaintiff refused to comply with the owner's request for him to leave. Plaintiff previously filed suit, asserting *inter alia* that his arrest violated the Fourth Amendment. Fidge v. Lake County Sheriff's Dept. et al, USDC NDCA Case No. 13-cv-05182-YGR-NJV. (Request for Judicial Notice "RJN"). The District Court granted summary judgment, finding the arrest was supported by probable cause. (See ECF No. 157, Case No. 13-cv-05182, attached as Exhibit A to RJN). Plaintiff appealed, but the dismissal was upheld by the Ninth Circuit, Fidge v. Lake County Sheriff's Dept. et al, Ninth Circuit Case No. 15-17000. (See ECF No. 180, Case No. 13-cv-05182, attached as Exhibit B to RJN). Contrary to the allegations (Complaint, ¶ 12), the Ninth Circuit matter has concluded. (RJN).

The current complaint is replete with allegations that the arrest was a violation of the Fourth Amendment (e.g. Complaint, ¶s 3-4, p. 3:1-26; ¶s 14-15 pp. 11-12; ¶ 42-43), or that the court's decisions in the prior action was tainted or biased. (Complaint, ¶ 13). The gravamen of the complaint, however, appears to stem from the "publication" of the arrest on a third-party website, who apparently included inaccurate charges. (Complaint, ¶ 23) Plaintiff implies that the information was gleaned from the Sheriff's Department website. (Id). Plaintiff does not allege any credit agency used the information, nor that Defendants obtained a report.

Plaintiff expressly asserts claims for violation of 15 USC section 1681 (Fair Credit Reporting Act "FCRA"), and common law claims for "trespass on the case", "reckless endangerment" and "trespass." Defendants submit that the claims fail as a matter of law.

II.

**LEGAL STANDARD**

Plaintiff's complaint must state facts showing he is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Court will take Plaintiff's allegations as true and construe them in his favor. Parks School Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, Plaintiff's thin recitation of elements, supported only by conclusory statements and unwarranted inferences, will not survive Defendants' motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). Plaintiff's complaint must allege enough facts so that his claims for relief rest on something more than a speculative basis. Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). The Court must also grant Defendants' motion if Plaintiff's complaint reveals a bar to his recovery or Defendants' absolute defense. Id. If the Court concludes that Plaintiff will not be able to cure his complaint's shortcomings, it need not provide Plaintiff with leave to amend following dismissal. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

III.

**ARGUMENT**

**A.  Plaintiff's suit is barred by the doctrine of Res Judicata/Collateral estoppel/Claim preclusion.**

Collateral estoppel preserves judicial economy and relieves parties of the burdens associated with duplicative lawsuits by precluding the relitigation of issues "actually litigated and necessarily determined by a court." Davis & Cox v. Summa Corp., 751 F.2d 1507, 1518 (9th Cir. 1985.) (citing Montana v. United States, 440 U.S. 147, 153 (1979). Courts will preclude the relitigation of an issue where (1) the issue decided in the earlier case is identical to the issue sought to be litigated in the later case, (2) the earlier case ended with a final judgment on the merits, and (3) the party against

**DEFENDANTS COUNTY OF LAKE AND STEVE WRIGHT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

{01734928.DOCX}

whom collateral estoppel is being asserted was a party in the earlier case. Arizona v. California, 530 U.S. 392, 414 (2000); Hydranautics v. FilmTec Corp., 204 F.3d 880, 885-86 (9th Cir. 2000).

Here, to the extent Plaintiff intended any of the imbedded allegations and assertions that the arrest violated the Fourth Amendment, or any other claims arising from the arrest, Plaintiff's earlier case that was litigated and ended on the merits in favor of Defendants bars said claims.

In addition, the 'publication' of the arrest arises out of the same common transactional nucleus of facts – the arrest.   Indeed, in the claim preclusion context, the most significant factor is that the causes of action arise from a common transactional nucleus of facts. See, e.g., Western Sys., 958 F.2d at 871; C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987).  Here, while Plaintiff asserts a claim of the FCRA which is different from an action under 42 U.S.C. section 1983, this factor alone does not differentiate the causes of action. Adams v. California Dept. of Health Services, 487 F.3d 684 (9th Cir. 2007) (second suit for violation of the FCRA dismissed as duplicative because based on same underlying facts regarding withdrawal of her conditional offer of employment).  Thus, to the extent Plaintiff challenges the arrest, because there was probable cause found for the arrest and upheld, any claim based thereon is precluded.

**B.     Plaintiff fails to sufficiently allege facts stating a claim for relief under the FCRA**

Plaintiff essentially claims a third party website "Mugshots" published false charges about him, who "picked up" the information from the County's website.  Defendants deny this, but submit this is not a proper basis for a claim under the FCRA, for numerous reasons.  Defendants note that no court has found that even remotely similar facts are sufficient to support a claim under the FCRA.

Although not specifically identified by Plaintiff in the Complaint, imposition of civil liability for violations of the FRCA are governed by two specific sections: 15 USC §§ 1681n and 1681o. Section 1681n provides:

> Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer ….

**DEFENDANTS COUNTY OF LAKE AND STEVE WRIGHT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
{01734928.DOCX}

Section 1681o imposes civil liability for "negligent" noncompliance. Both sections limit liability to "consumer reporting agencies" or "users of information" furnished by consumer reporting agencies.

In order to state a claim under the FCRA, a plaintiff must allege that the defendant is within the class of defendants subject to FCRA liability. Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1023-1024. Section 1681a(f) defines the term "consumer reporting agency" to include only persons or organizations that engage on a regular basis in assembling or evaluating consumer credit information in order to furnish consumer reports to third parties.

Here, Plaintiff has not alleged that any of the defendants are parties engaged in activities covered by § 1681n or § 1681o; i.e. either (1) a consumer reporting agency or (2) a user of information furnished by such an agency. Defendants, as a public entity and its police officer employee, does not engage in such activity as a matter of common knowledge. Nor does any defendant fall within the other group of individuals or organizations covered by §§ 1681n and 1681o; i.e., users of information gathered by consumer credit reporting agencies. Plaintiff alleges only that defendants furnished certain information about the nature of the arrest to an internet website (Complaint, ¶ 7). "Parties who do no more than furnish such information are simply not covered by these sections of the FCRA." See Mitchell v First Nat'l Bank (MD Ala. 1981) 505 F Supp 176, 177. Defendants, as a public entity and its police officer employee, are clearly not consumer reporting agencies.

In addition, a "furnisher" of credit information is one who provides credit information to consumer reporting agencies. A furnisher is liable under the FCRA only if it does not respond to a formal notice of consumer dispute from a consumer reporting agency. 15 U.S.C. § 1681s-2; 15 U.S.C. § 1681i(a)(2); Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1060 (holding that Congress set up 15 U.S.C. § 1681s-2(b) as a "filtering mechanism" wherein an aggrieved consumer notifies a consumer reporting agency which in turns notifies the furnisher, and only a nonresponsive furnisher may be privately sued). Here, not only are defendants not "furnishers" of credit information, the express basis for liability are not met here.

In addition, the mere alleged publication of false charges purportedly "picked up" by a the third party website who is not alleged to be a credit agency, does not turn the arrest information into a "consumer report" for purposes of 1681a(d)(1).

For each of the foregoing reasons, the motion should be granted.

**C.      All state law claims should be dismissed pursuant to 28 U.S.C. § 1367(c)**

Assuming *arguendo* that this Court grants the Motion to Dismiss as to the federal claim, Defendants requests that the court exercise its discretion and dismiss the remaining state claims for lack of jurisdiction. District Courts may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). When all federal claims are eliminated before trial, courts have routinely declined to retain jurisdiction only over complex questions of state law. Acri v. Varian Assocs., 114 F.3d 999, 1000-01 (9th Cir. 1997) (en banc) (declining to *sua sponte* exercise supplemental/pendant jurisdiction given the factors enumerated in § 1367(c) and the interests of "economy, convenience, fairness, and comity"). Thus, if the singular FCRA federal claims is dismissed, Defendants respectfully submits that the Court should decline to exercise jurisdiction over Plaintiff's state-law claims for "trespass on the case", "reckless endangerment" and "trespass."

**D.      The state law claims should be dismissed**

Assuming arguendo the court retains jurisdiction, Defendants submit the claims should be dismissed.   First, Plaintiff fails to allege compliance with the Government Tort Claims Act.

Suits against a public entity and its employees are governed by the specific statute of limitations provided in the Government Code, rather than the statute of limitations which applies to private defendants. Dominguez v. City of Alhambra, (1981) 118 Cal.App.3d 237, 244.  In that regard, no suit for money or damages may be brought against a public entity or its employees unless the Plaintiff has complied with the California Claims Act.  Gov. Code § 945.4; Traffic School Online, Inc. v. Clarke, (2003) 112 Cal.App.4th 736, 741 (noting with approval that "'no' means 'no'" and requires strict interpretation).   There are no allegations of said compliance.

Second, Government Code Section 815 provides that "except as otherwise provided by statute: a public entity is not liable for an injury, whether such injury arises out of and act or omission of the public entity or a public employee or any other person."  See also Eastburn v. Regional Fire Protection Authority (2003) 31 Cal.4th 1175, 1179-80; Becerra v. County of Santa Cruz (1998) 68 Cal.App.4th 1450, 1457 (a plaintiff asserting a cause of action against a public

6

**DEFENDANTS COUNTY OF LAKE AND STEVE WRIGHT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

{01734928.DOCX}

entity must present a statutory basis for imposition of liability).  Accordingly, the County is not a proper defendant for direct liability.

## IV.

## **CONCLUSION**

For each of the foregoing reasons, the Motion should be granted.

Dated: October 25, 2017             Respectfully Submitted,

                                    PORTER SCOTT
                                    A PROFESSIONAL CORPORATION


                                    By   /John R. Whitefleet
                                         John R. Whitefleet
                                         Attorney for Defendants
                                         COUNTY OF LAKE and STEVE WRIGHT

**Case Name:** Fidge v. Lake County, et al.
**Court – Case No:** 3:17-cv-05307-VC

## DECLARATION OF SERVICE

I am a resident of the United States and of the County, of Sacramento, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 350 University Avenue, Suite 200, Sacramento, California.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California, after the close of the day's business.

That on the date below, I served the following: **DEFENDANTS COUNTY OF LAKE AND STEVE WRIGHT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on all parties in the said action as addressed below by causing a true copy thereof to be served:

__X__ BY MAIL. I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U. S. mailbox in the City of Sacramento, California, after the close of the day's business.
☐ Certified Mail/Return Receipt Requested, Article #

_____ BY PERSONAL SERVICE. I caused such document(s) to be delivered by hand to the office of the person(s) listed below

_____ BY OVERNIGHT DELIVERY. I caused the above-listed document(s) to be delivered by overnight delivery to the office of the person(s) listed below:

_____ BY FACSIMILE. I caused the above-listed document(s) to be transmitted by facsimile transmission from (916) 927-3706 to the facsimile number listed below. The transmission was reported as completed and without error. A copy of the transmission report is attached. The transmission report was properly issued by the transmitting facsimile machine.

**Ronald Frank Fidge**
**P.O. Box 102**
**Cobb, CA 95426**
**(707) 928-4428**

I declare under penalty of perjury that the foregoing is true and correct. Executed at Sacramento, California, on October 25, 2017.

/Sean Chaffin_____
Sean Chaffin